IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANANIAS RODRIGUEZ-DZIB,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br><br><br>Civil Case No. 2:05-CV-457 TS<br><br>Criminal Case No. 2:03-CR-278 TS |

Petitioner Ananias Rodriguez-Dzib brings a Motion[1] Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Petitioner is proceeding *pro se* in this matter. The Court notes that, on May 24, 2005, it ordered the government to respond in writing to the instant

---

[1] The Court notes that the instant Motion is not signed by Petitioner, or anyone acting on his behalf. Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that "[t]he motion must . . . be signed under penalty of perjury by the movant or a person authorized to sign it for the movant." However, given the Court's ruling on the merits herein, it will not address this defect.

1

Petition on or before July 8, 2005.[2]  However, the government has failed to file any response. The Court will render its decision without the benefit of the government's response.  The Court finds that Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because the Indictment in the underlying criminal case was sufficient and neither *Blakely* nor *Booker* apply to cases on collateral appeal.  Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

On April 16, 2003, Petitioner was charged by Indictment with Reentry of a Previously Removed Alien.[3]  The government filed a Notice of Sentencing Enhancement the same day, noting Petitioner's previous conviction for Distribution of More Than One Ounce but Less Than One-Half Pound of Marijuana.[4]  Petitioner pleaded guilty to the Indictment on June 17, 2003.  A presentence report was prepared, and Defendant was sentenced on September 16, 2003, to a low-end sentence of 70 months incarceration.  Judgment was entered on September 18, 2003.  Thereafter, Petitioner pursued a direct appeal with the Tenth Circuit on September 26, 2003.[5]  On September 14, 2004, the Tenth Circuit dismissed Petitioner's appeal for lack of appellate jurisdiction.  Petitioner then filed this collateral appeal on May 23, 2005.

---

[2] Docket No. 2.

[3] Case No. 2:03-CR-278 TS.

[4] *Id.*

[5] Tenth Circuit Case No. 03-4227.

DISCUSSION

Petitioner's arguments center on the recent Supreme Court cases of *Blakely v. Washington*[6] and *United States v. Booker*.[7]  Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Constitutional rights.  Specifically, Petitioner objects to the statutory maximum being increased from two years to 20 years by virtue of his conviction for a prior aggravated felony.  However, the Supreme Court cases of *Almendarez-Torres v. United States*[8] and *Apprendi v. New Jersey*[9] both directly contradict Petitioner's position and state that it is not necessary that this fact be charged by indictment as a separate offense.[10]  As such, the sentence imposed here did not exceed the statutory maximum, which was not two, but 20 years, as evidenced by the filing of the Notice of Sentencing Enhancement.  The Court finds the Indictment was sufficient, and no violation of Petitioner's constitutional rights occurred.

---

[6] 540 U.S. 965 (2004).

[7] 125 S.Ct. 738 (2005).

[8] 523 U.S. 224 (1998) (holding statutory subsection authorizing a sentence of up to 20 years for any alien who illegally returned to the United States after having been previously deported following conviction for aggravated felony was mere penalty provision, and did not serve to define a separate immigration-related offense).

[9] 530 U.S. 466 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" and affirming its holding in *Almendarez-Torres*).

[10] *See Almendarez-Torres*, 523 U.S. at 235.

Further, Petitioner sought direct appeal after the Supreme Court rendered its decision in *Blakely*, but before it decided *Booker*. Petitioner raised *Blakely* arguments on direct appeal, and they were squarely disposed of, thus establishing the law of the case here. The Tenth Circuit specifically stated that the "*Blakely* argument is also without merit. Even if *Blakely* applies to the Federal Sentencing Guidelines, it would not help the defendant since his sentence was enhanced based on his criminal history."[11] The Tenth Circuit noted that *Blakely* itself required the application of the rule expressed in *Apprendi* – that "*[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.*"[12] Both *Blakely* and *Booker* explicitly carve out the *Apprendi* exception of facts of a prior conviction. Here, the enhancing fact is a prior conviction for an aggravated felony, and *Booker* is not implicated.

The Court notes that the Tenth Circuit mandate indicates that Petitioner argued on direct appeal that he was denied effective assistance of counsel. However, Petitioner has not raised this issue on collateral appeal and, therefore, the matter is not before the Court.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

---

[11] Tenth Circuit Mandate at 3; Docket No. 34 in 2:03-CR-78 TS.

[12] *Id.*, quoting *Blakely*, 124 S.Ct. at 2536 (internal citations omitted) (emphasis added).

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 14th day of October, 2005.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge